Freedman, J.
The provisions of article 1, title 3, chapter 7, part III. of the Revised Statutes, entitled “ Of taking conditionally the testimony of witnesses within this State,” do not apply to article 5 of the same title and chapter entitled “ Of proceedings to perpetuate testimony. ’ ’ The latter grants the privilege of examination without exacting any of the conditions as to age, infirmity, or non-residence required by article 1. But it requires due proof to be made by affida *516 vlt that, among other things, the testimony of the witness is material and necessary to the prosecution or defense. Dm proof means legal proof, and legal proof consists of facts and circumstances from which the judge can satisfy his conscience as to the materiality of the witness. Swearing in the words of the statute, is swearing to a mere conclusion, and therefore is not sufficient. If the necessary facts are shown, the granting of the order is a matter of right, but otherwise not.
The question of good or bad faith enters into every application for the perpetuation of testimony, and without a statement of facts showing materiality, the court would be powerless to prevent the abuse of the letter of the law in individual cases.
The affidavit upon which the order was granted contains no facts from which the materiality of the witness appears or can be inferred, and for such defect the order should be vacated.